IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF ALABAMA    SOUTHERN DIVISION

| | |
|---|---|
| JOHN FABIAN WILLIS | * |
| Plaintiff, | * |
| vs. | *   Case No. |
| CITY OF MOBILE | * |
| CHIEF PAUL PRINE, in his individual capacity, | |
| DANIEL WINTER, in his individual capacity, | * |
| RODERICK MILES, in his individual capacity, | |
| W. GRANT, in his individual capacity, | * |
| WAL MART – 2570 Government Blvd, Mobile, AL 36606 | |
| | * |
| Defendants. | |

## COMPLAINT

### Jurisdiction

The jurisdiction of this Court is invoked under 28 U.S.C. §1343 (3), and 42 U.S.C. §1983, this being an action authorized by law to redress the deprivation under color of State law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States. Plaintiff also invokes the pendant jurisdiction of the Court to decide claims arising under State law.

### Parties

1. Plaintiff, JOHN FABIAN WILLIS is a resident of Mobile County, Alabama.

2. Defendant CITY OF MOBILE, is the governing body for the City of Mobile, Alabama.

3. Defendant CHIEF PAUL PRINE is a resident of Mobile County, Alabama, and at all times material to this Complaint, Defendant Prine acted under color of Alabama law as Police Chief for the City of Mobile, Alabama.

4. Defendant DANIEL WINTER is a resident of Mobile County, Alabama, and at all relevant times, was employed as a police officer with the City of Mobile, Alabama Police Department.

5. Defendant RODERICKK MILES is a resident of Mobile County, Alabama, and at all relevant times, was employed as a security officer for the Wal Mart store situated at 2570 Government Blvd – Mobile, AL 36606.

6. Defendant W. GRANT is a resident of Mobile County, Alabama, and at all relevant times, was employed as a police officer with the City of Mobile, Alabama Police Department.

7. Defendant WAL MART, situated at 2570 Government Blvd – Mobile, AL 36606, is a store doing business in Mobile County, AL.

## Statement of Facts

8. On October 20, 2022, in the Wal Mart Store situated at 2570 Government Blvd, Mobile, AL 36606, Plaintiff Willis made a cash payment on his Capital One Wal Mart Credit Card by issuing the Wal Mart clerk five (5) one hundred dollar bills. The Wal Mart clerk walked to a different area of the store with the money and returned shortly afterwards with store security officer Roderick Miles, who told Plaintiff Willis he was under arrest for issuing counterfeit bills, handcuffed him, and placed him in the back of a police car.

9. Plaintiff Willis consistently stated the money was not counterfeit and asked to speak to a store manager. In stead of speaking to a store manager, City of Mobile Police Officer Daniel Winter came on the scene, seized the money, left the scene, then returned shortly afterwards and told Plaintiff he was under arrest for issuing counterfeit money. The handcuffs placed on Plaintiff by officer Miles were replaced by the handcuffs of Mobile Police Officer W. Grant, who transported Plaintiff Willis to the Mobile County Metro Jail.

10. Officer Winter filed felony charges against Plaintiff Willis alleging he had uttered counterfeit one hundred dollar bills.

11. Plaintiff Willis remained incarcerated in the Mobile County Metro Jail from the date of his arrest on October 20, 2022, until he posted bail on October 24, 2022.

12. After the one hundred dollar bills were submitted for analysis by the State, and were determined to be lawful currency, the State moved to nolle prose the charges on November 15, 2022, and on November 16, 2022, the Court granted the State's motion and the charges were nolle prossed.

## COUNT I

### ACTION UNDER 42 U.S.C. § 1983

**City of Mobile**

13. Plaintiff adopts and re-alleges paragraphs 1-12 above as if set forth in full herein.

14. Defendant CITY OF MOBILE, is the governing body for the City of Mobile, Alabama, and is required to provide funding for the City of Mobile's Police Department,

especially in matters pertaining to training where the likelihood for constitutional violations are so high that the need for training would be obvious.

15. It is highly probable that unless a police officer receives proper training for determining the procedure to be followed in determining whether or not a given currency is counterfeit, said officer's lack of training may cause him / her to arrest an individual for currency which the officer presumes to be counterfeit, but in reality, is lawful.

16. In the instant case, as a direct and proximate result of the City of Mobile's failure to provide sufficient funding to the City of Mobile Police Department for training police officers as to the procedure for determining whether or not currency is counterfeit or lawful, Plaintiff Willis was unlawfully arrested in violation of his Fourth Amendment Right not to be unlawfully arrested, and his Fifth and Fourteenth Amendment Right to due process and the equal protection of the law.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant City of Mobile in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

COUNT II

ACTION UNDER 42 U.S.C. § 1983

**Chief Paul Prine**

17. Plaintiff adopts and re-alleges paragraphs 1-16 above as if set forth in full herein.

18. Defendant CHIEF PAUL PRINE at all times material to this Complaint acted under color of Alabama law as Police Chief for the City of Mobile, Alabama. Under

Alabama Law, Defendant Prine had direct control over the police officers of the City of Mobile, Alabama, and was responsible for insuring that the police officers of the City of Mobile, Alabama obeyed the laws of Alabama and the United States of America.  As such, Defendant Prine was in charge of the City of Mobile police officers, and was responsible for the training, supervision, direction and conduct of said police officers, especially in matters pertaining to training where the likelihood for constitutional violations are so high that the need for training would be obvious.

19.  It is highly probable that unless a police officer receives proper training for determining the procedure to be followed in determining whether or not a given currency is counterfeit, said officer's lack of training may cause him / her to arrest an individual for currency which the officer presumes to be counterfeit, but in reality, is lawful.

20.  As the Chief of Police for the City of Mobile, Defendant Prine's edicts and actions pertaining to police related matters, especially matters pertaining to training where the likelihood for constitutional violations are so high that the need for training would be obvious, set the policy for the Defendant City of Mobile in all said and related police matters.

21.  In the instant case, as a direct and proximate result of Chief of Police Prine's failure to provide Officer Daniel Winter and Officer W. Grant with adequate training as to the procedure to be followed in determining whether or not the one hundred dollar bills of Plaintiff were counterfeit or lawful, Plaintiff Willis was unlawfully arrested in violation of his Fourth Amendment Right not to be unlawfully arrested, and his Fifth and Fourteenth Amendment Right to due process and the equal protection of the law.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant Chief of Police Paul Prine in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

## COUNT III

## ACTION UNDER 42 U.S.C. § 1983

### Officer Daniel Winter

22. Plaintiff adopts and re-alleges paragraphs 1-21 above as if set forth in full herein.

23. Officer Daniel Winter lacked probable cause to arrest Plaintiff Willis. Officer Winter had all of Plaintiff Willis' identifying information necessary to locate him at any time.

24. If Officer Winter had followed the proper procedure to determine whether or not the currency was counterfeit or lawful, the results would have shown the currency was lawful, and Plaintiff's arrest and incarceration would have been avoided.

25. At the time of Plaintiff Willis' arrest, the law was clearly established that Plaintiff Willis had the Fourth Amendment Right not to be unlawfully arrested, and that he had the Fifth and Fourteenth Amendment Right to due process and the equal protection of the law.

26. As a direct and proximate result of Plaintiff Willis' unlawful arrest, his Fourth Amendment Right not to be unlawfully arrested, and his Fifth and Fourteenth Amendment Right to due process and the equal protection of the law were violated.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant Officer Daniel Winter in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

## COUNT IV

## ACTION UNDER 42 U.S.C. § 1983

### Officer W. Grant

27. Plaintiff adopts and re-alleges paragraphs 1-26 above as if set forth in full herein.

28. Officer W. Grant lacked probable cause to arrest Plaintiff Willis. Officer W. Grant had all of Plaintiff Willis' identifying information necessary to locate him at any time.

29. If Officer Grant had followed the proper procedure to determine whether or not the currency was counterfeit or lawful, the results would have shown the currency was lawful, and Plaintiff's arrest and incarceration would have been avoided.

30. At the time of Plaintiff Willis' arrest, the law was clearly established that Plaintiff Willis had the Fourth Amendment Right not to be unlawfully arrested, and that he had the Fifth and Fourteenth Amendment Right to due process and the equal protection of the law.

31. As a direct and proximate result of Plaintiff Willis' unlawful arrest, his Fourth Amendment Right not to be unlawfully arrested, and his Fifth and Fourteenth Amendment Right to due process and the equal protection of the law were violated.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant Officer W. Grant in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

## COUNT V

### False Imprisonment

**Officer Roderick Miles - Wal Mart – 2507 Government Blvd – Mobile, AL 36606**

32. Plaintiff adopts and re-alleges paragraphs 1-31 above as if set forth in full herein.

33. Defendant Roderick Miles, on October 20, 2022, while working within his line and scope of employment as a security officer for Wal Mart at 2507 Government Blvd – Mobile, AL 36606, unlawfully arrested Plaintiff Willis, and assisted in having him arrested and incarcerated on charges of uttering counterfeit currency which resulted in Plaintiff Willis being incarcerated for five (5) days.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants Officer Roderick Miles and Wal Mart in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, and the costs of this action.

## COUNT VI

### Malicious Prosecution

**CITY OF MOBILE, CHIEF PAUL PRINE, in his individual capacity, DANIEL WINTER, in his individual capacity, RODERICK MILES and WAL MART – 2570 Government Blvd, Mobile, AL 36606**

34. Plaintiff adopts and re-alleges paragraphs 1-33 above as if set forth in full herein.

35. On October 20, 2022, Defendants above named, maliciously, and without probable cause therefor, caused Plaintiff Willis to be arrested on charges of uttering counterfeit currency.

36. Before the commencement of this action, the charges were judicially investigated, the prosecution ended, and the charges were nolle prossed.

WHEREFORE, premises considered, Plaintiff demands judgment against the above named Defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), interest, and the costs of this action.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all counts.

Respectfully submitted,

/s/ Larry C. Moorer
Larry C. Moorer (ASB 0337 R81L)
Attorney for Plaintiff
107 North Jackson St.
Mobile, AL 36602
(251) 432-0002
(251) 432-0040
lcmoorer@att.net

Defendants May Be Served As Follows:

City of Mobile
205 Government St.
10th Floor
Mobile, AL 36633 / 1827

Chief Paul Prine
2460 Government Blvd
Mobile, AL 36606

Officer Daniel Winter
2460 Government Blvd
Mobile, AL 36606

Officer Roderick Miles
2460 Government Blvd
Mobile, AL 36606

Officer W. Grant
2460 Government Blvd
Mobile, AL 36606

Wal Mart
2570 Government Blvd
Mobile, AL 36606